IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   BOSTON SCIENTIFIC CORP.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION                MDL No. 2326

---

THIS DOCUMENT RELATES TO:

*Yettaw, et al. v. Boston Scientific Corp.*          Civil Action No. 2:13-cv-19251

MEMORANDUM OPINION AND ORDER

Pending before the court is Boston Scientific Corp.'s ("BSC") Motion to Dismiss for Failure to Timely Serve the Plaintiff Profile Form [ECF No. 9]. The plaintiffs have not responded, and the deadline for responding has expired. Thus, this matter is ripe for my review. For the reasons stated below, the motion is **GRANTED**.

BSC's Motion arises from this court's Order [ECF No. 8], entered on July 18, 2016, denying BSC's Motion for Sanctions, including monetary penalties, dismissal and any other sanction deemed appropriate by the court, for failure to serve a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order ("PTO") # 16. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–7 [ECF No. 8] (applying the *Wilson* factors to Ms. Yettaw's case).[1]

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan*

Concluding that the first three factors weighed in favor of sanctions as requested by BSC, I nevertheless declined to award the requested sanctions of either dismissal or monetary sanctions because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiffs a final chance to comply with the deadlines set forth in PTO # 16. I afforded them 30 business days from the entry of the Order to submit to BSC a completed PPF, with the caveat that a failure to do so may result in dismissal of their case upon motion by BSC. Despite this warning, the plaintiffs have again failed to comply with this court's orders and did not provide BSC with her PPF within the 30-day period. Consequently, BSC moved to dismiss this case.

Because the less drastic sanction instituted against the plaintiffs has had no effect on her compliance with and response to this court's discovery orders, which she has continued to blatantly disregard, I find that dismissal is now appropriate. For the reasons explained in my July 18, 2016 Order [ECF No. 8], it is **ORDERED** that the defendant's Motion to Dismiss [ECF No. 9] is **GRANTED**, and the plaintiffs' case is **DISMISSED without prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 14, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

*Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).